IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JUAWANNA BROOKS, #257599, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-CV-378-WHA |
| | ) | [WO] |
| CYNTHIA WHEELER-WHITE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Juawanna Brooks ["Brooks"], a state inmate, on April 16, 2009.[1]  In this petition, Brooks complains the Circuit Court of Madison County, Alabama, has failed to demand her return to court for reduction of the sentences imposed for various felony offenses on March 5, 2008, pursuant to the initial sentencing order.  Brooks also challenges the amount of jail credit the aforementioned state court awarded to her on these sentences.

**DISCUSSION**

This court "in the exercise of its discretion and in furtherance of justice" may transfer an application for writ of habeas corpus to "the district court for the district within

---

[1] Although the Clerk of this court stamped the present petition "filed" on April 24, 2009, Brooks certified she executed the petition on April 16, 2009.  *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 15.  The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Brooks] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers April 16, 2009 as the date of filing.

which the State court was held which convicted" the petitioner.  28 U.S.C. § 2241(d).

Brooks seeks action by the Circuit Court of Madison County, Alabama regarding a change

in her sentences based on completion of requisite prison programs.  She also requests that

such court be required to award her additional jail credit for the amount of time she "was

out on bond awaiting trial" and "the time [served] on probation...." *Petition for Writ of*

*Habeas Corpus - Court Doc. No. 1* at 8, 16.  Madison County is located within the

jurisdiction of the United States District Court for the Northern District of Alabama.  In

light of the foregoing, the court concludes that transfer of this case to such other court for

review and disposition is appropriate.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

be transferred to the United States District Court for the Northern District of Alabama

pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that on or before May 11, 2009, the parties may file objections to the

Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised

---

[2]In transferring the instant case, this court makes no determination regarding the merits of the petitioner's claims for relief nor whether the petitioner has exhausted available state court remedies prior to filing a federal habeas petition as required by 28 U.S.C.§ 2244(b)(1)(A).

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 27th day of April, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE